UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 04-344 |
| BRUCE LEWIS | SECTION "B" |

## ORDER AND REASONS

Before the Court are defendant Bruce Lewis's motion pursuant to 18 U.S.C. 3582(c)(1)(A) (Rec. Doc. 86), the government's opposition (Rec. Doc. 88), and defendant's reply (Rec. Doc. 89). For the following reasons,

**IT IS ORDERED** that the defendant's motion for compassionate release or reduction in sentence is **DENIED**.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 17, 2005, defendant Bruce Lewis pled guilty to the charges in his three-count indictment. *See* Rec. Doc. 13 at 1 (plea agreement). Specifically, Mr. Lewis pled to armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) (count 1); using, carrying, and brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (count 2); and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count 3). Rec. Doc. 1 at 1–2 (indictment). On February 15, 2006, Mr. Lewis was sentenced to 272 months imprisonment—188 months for counts 1 and 3, running concurrently, and 84 months for count 2, running consecutive to the other counts. *See* Rec. Doc. 88-1 at 2–3 (public information sheet). The convictions further supplied a five-year term of supervision. *Id.* at 3. Mr. Lewis is currently housed in USP Canaan in Waymart, Pennsylvania. *See Find an inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc (last visited Feb. 14, 2024). This forty-six-year-old has a projected

1

release date of January 20, 2025. *Id.* Having served nearly 94% of his statutory term of imprisonment, Mr. Lewis brings this motion for compassionate release. *See* Rec. Doc. 88-1 at 4.

## II. LAW AND ANALYSIS
### A. Standard of Review

A defendant may move the court for compassionate release after either fully exhausting his administrative rights or upon the lapse of thirty days from a request for relief to the warden, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A). Once the exhaustion requirement has been met, the court may reduce a defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant such a reduction and, thereafter, a reduction would be in conformity with the sentencing factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1); *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021). The analysis of extraordinary and compelling reasons is informed by—and must be consistent with—applicable policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant has the burden of proving he is entitled to a reduction. *See Ward*, 11 F.4th at 361 (citation omitted).

### B. Exhaustion of Administrative Remedies

In the instant case, the government concedes that Mr. Lewis has exhausted his administrative remedies. Rec. Doc. 88 at 4 ("Here, the government contacted the Bureau of Prisons, which provided compassionate release requests and denials from May/June 2020 and July 2022."); Rec. Doc. 88-2 (2020 request); Rec. Doc. 88-3 (2022 request). Thereby, we treat exhaustion of administrative remedies as established.

### C. Extraordinary and Compelling Reasons

A showing of exhaustion only opens the door to a compassionate release analysis; it does not itself establish defendant's claim for compassionate release. Here, while the exhaustion requirement is satisfied, Lewis's motion subsequently fails the § 3582(c)(1)(A) analysis. The

legislation provides two categories of defendants eligible for compassionate release: those (1) showing extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) or (2) being at least seventy years old and having served thirty years in prison under 18 U.S.C. § 3582(c)(1)(A)(ii). As Mr. Lewis is currently forty-six years old, he does not qualify based on the latter provision. *See Find an inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc (last visited February 14, 2024).

The § 3582(c)(1)(A)(i) analysis of extraordinary and compelling reasons is informed by the U.S. Sentencing Guidelines § 1B1.13. *See* U.S.S.G. § 1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)). Amended in 2023, § 1B1.13 now contains a non-exclusive list of six extraordinary and compelling reasons within the policy text itself, offering greater clarity to courts. *See* U.S. Sent'g Guidelines Manual Supplement to App. C (U.S. Sent'g Comm'n 2023) at 200–210 (Am. 814). Mr. Lewis's compassionate release application implicates two extraordinary and compelling bases: (1) medical circumstances of the defendant and (6) unusually long sentence. *See* U.S.S.G. § 1B1.13(b).

As to medical circumstances, the policy provides various grounds as extraordinary and compelling reasons, including a terminal diagnosis, a condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," a condition that "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," and imminent risk of "severe medical complications or death" due to exposure to an infectious disease or public health emergency that "cannot be adequately mitigated in a timely manner." *Id.* at § 1B1.13(b)(1)(A)–(D). All but the long-term care and public health bases were already explicit grounds for consideration in the Commentary text.

3

*See* U.S. Sent'g Comm'n 2023 at 206 (Am. 814) (reason for amendment). All medical bases present serious conditions that have either diminished a defendant's health substantially or risk soon causing such a consequence. *See, e.g., United States v. Diaz*, No. 22-40044, 2023 WL 1879404, at *2 (5th Cir. Feb. 10, 2023) (affirming compassionate release denial where treatment options are available); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (affirming compassionate release denial "by considering the need for effective medical treatment" currently being met). Here, Mr. Lewis generally notes in his memorandum that he "suffers from, in the words of the medical staff at this facility, 'a serious, diagnosed illness'" for which he "is taking numerous medications and requires chronic care." Rec. Doc. 86-1 at 5. In his reply to the government's opposition to his motion, Mr. Lewis specifies he has received "PTSD and bi-polar diagnoses." Rec. Doc. 89 at 5. Although presenting serious health conditions, Mr. Lewis's medical circumstances do not provide terminal diagnoses or ailments that risk substantial and serious exacerbation due to his incarceration. Rather, as Fifth Circuit precedent instructs, because Mr. Lewis can receive effective treatment for his medical conditions while incarcerated, his medical circumstances do not present an extraordinary and compelling reason for sentence reduction.

However, Mr. Lewis's contention that his unusually long sentence affords him relief requires close consideration. Mr. Lewis's 272-month imprisonment for his three-count conviction amounts to 188 months for counts 1 and 3, running concurrently, and 84 for count 2, running consecutive to the other counts. *See* Rec. Doc. 88-1 at 2–3 (public information sheet). Mr. Lewis argues the sentence associated with count 2—the using, carrying, and brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)—no longer would run consecutive to the sentences of his other convictions. Rec. Doc. 86-1 at 4. He is incorrect. The current statutory text provides that in relation to a crime of violence a defendant "*in addition to*

*the punishment provided for such crime of violence . . .* if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years." 18 U.S.C. § 924(c)(1)(A)(ii) (emphasis added). Mr. Lewis brandished a firearm before two tellers during a bank robbery, a designated crime of violence for sentencing purposes pursuant to U.S. Sentencing Guidelines § 4B1.2. *See* Rec. Doc. 14 at 1 (factual basis). In addition to his sentence for armed bank robbery (count 1), Mr. Lewis must serve a consecutive sentence for brandishing a firearm during the offense (count 2). Thus, his consecutive 84-month sentence for count 2 is unaffected by any change in the law.

Nonetheless, the government acknowledges one subsequent alteration in Mr. Lewis's sentence: his career offender status would no longer apply. Rec. Doc. 88 at 5 ("Lewis's presentence investigation report designated Lewis a career offender under U.S.S.G. § 4B1.1 because of his convictions for attempted armed robbery and burglary of an inhabited dwelling."). Specifically, in 2016, the U.S. Sentencing Guidelines were amended to exclude burglary from crimes of violence. *See* U.S. Sent'g Comm'n 2023 at 119–24 (Am. 798). "The Sentencing Commission did not apply the amendment retroactively." *Concepcion v. United States*, 597 U.S. 481, 489 n.1 (2022) (discussing Amendment 798). The Commentary on § 4B1.2 takes into account the removal of burglary as a crime of violence, indicating that, in place of the career offender enhancement, an upward departure at sentencing "may be appropriate" where the burglary involved violence. U.S.S.G. § 4B1.2, comment. n.4. While forecasting a guidelines range of 77–96 months without Mr. Lewis's career offender designation, the government argues the guidelines revision "is neither extraordinary nor compelling." Rec. Doc. 88 at 6 ("To find otherwise would mean that any defendant whose career offender enhancement was supported by a burglary conviction could now meet the threshold requirement for a sentence reduction under § 3582(c)(1)(A)(i)."). We decline to accompany the government in an assessment of the extraordinary and compelling reason that

5

may be present in Mr. Lewis's case because the amended text of the Sentencing Guidelines is clear: "If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (*other than an amendment to the Guidelines Manual that has not been made retroactive*) may be considered in determining whether the defendant presents an extraordinary and compelling reason[.]" U.S.S.G. § 1B1.13(b)(6) (emphasis added). Simply, the nonretroactive amendment removing burglary as grounds for career offender enhancement cannot be considered as the lone support to Mr. Lewis's compassionate release.

However, the Sentencing Manual immediately presents Mr. Lewis with another possibility: "[I]f a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (*including an amendment to the Guidelines Manual that has not been made retroactive*) may be considered for purposes of determining the extent of any such reduction." *Id.* § 1B1.13(c) (emphasis added). As the Sentencing Commission explained, "Subsections (b)(6) and (c) operate together to respond to a circuit split concerning when, if ever, non-retroactive changes in law may be considered as extraordinary and compelling reasons within the meaning of section 3582(c)(1)(A)." U.S. Sent'g Comm'n 2023 at 208 (Am. 814) (reason for amendment). Therefore, if Mr. Lewis has presented an extraordinary and compelling reason for compassionate release independent of the career offender amendment, the Court may consider the nonretroactive change to the Sentencing Guidelines for sentence reduction purposes.

Mr. Lewis, however, does not present a separate ground for compassionate release. Aside from medical concerns and sentencing length, Mr. Lewis only additionally argues for compassionate release based on his rehabilitation. *See* Rec. Doc. 86-1 at 3 ("The Petitioner is not the same person he was at sentencing."). The Sentencing Guidelines notes "rehabilitation of the

6

defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d); *see also* U.S. Sent'g Comm'n 2023 at 205 (Am. 814) (reason for amendment) (emphasis in original) ("[R]ehabilitation of the defendant while incarcerated may be considered *in combination* with other circumstances in determining whether extraordinary and compelling reasons warrant a sentence reduction."). Simply, there are not other circumstances Mr. Lewis can rely upon to combine with a nonretroactive Sentencing Guidelines amendment to establish extraordinary and compelling reasons for a sentence reduction.

### D.  18 U.S.C. § 3553(a) Sentencing Factors

Nonetheless, even if Mr. Lewis could prove such extraordinary and compelling reasons, his application would fail an assessment based on 18 U.S.C. § 3553(a) factors. As the final step in the compassionate release evaluation, the § 3553(a) factors must independently support a sentencing reduction. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a) ("[T]he court may reduce a term of imprisonment . . . after considering the factors set forth in 18 U.S.C. § 3553(a) . . . ."). As the Fifth Circuit has expressed it, the § 3553(a) factors offer "an alternative basis for denying relief." *United States v. McFadden*, No. 20-40801, 2022 WL 715489, at *3 (5th Cir. Mar. 9, 2022) (citing *Chambliss*, 948 F.3d at 693–94).

In maintaining "a sentence sufficient, but not greater than necessary," the Court evaluates Mr. Lewis's compassionate release motion through the stated factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and

7

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a). The court's application of the § 3553(a) factors is discretionary. *See Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)) ("[M]otions for compassionate release are inherently discretionary. By statute, a district court 'may' reduce an otherwise-eligible defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'"); *Chambliss*, 948 F.3d at 693 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)) ("[A] 'sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case.' Thus, we give deference to the district court's decision and note that reversal is not justified where 'the appellate court might reasonably have concluded that a different sentence was appropriate.'"). While noting that the Supreme Court has described, "for argument's sake," a district court to have "equivalent duties when initially sentencing a defendant and when later modifying the sentence," the Fifth Circuit has concluded "[f]lexibility and discretion from rigid rules is particularly applicable when there is a motion to modify a sentence." *Ward*, 11 F.4th at 361 (discussing *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018)).

Mr. Lewis is serving a term of incarceration for armed bank robbery, a crime of violence. *See* Rec. Doc. 14 at 1 ("The teller tried to run but the robber brandished a black handgun and pointed the firearm at the teller . . . . The robber told the teller to give him 'all the cash.'"); U.S.S.G. § 4B1.2(a)(2). Clearly, the nature and circumstances of the offense are serious. Further, Mr. Lewis's criminal history before the instant offense is extensive, including "multiple counts of possession of a stolen automobile, attempted armed robbery of a Ford Mustang, simple burglary, battery of a peace officer when Lewis struck a deputy with his fists while the officer was serving Lewis seizure papers, and burglary of an inhabited dwelling." *See* Rec. Doc. 88 at 8.

Mr. Lewis's rehabilitation argument is also implicated in our analysis of the § 3553(a) factors. As proof of his growth, Mr. Lewis notes he "has maintained a work assignment for the entirety of his sentence," attaching a list of his assignments and his twenty-eight completed classes during his time of incarceration. Rec. Doc. 86-1 at 4; Rec. Doc. 86-2 at 18–22. Mr. Lewis also downplays his disciplinary infractions received: "[T]he fact that he has amassed those write-ups over a span of almost two decades, with much of that time spent in maximum security, historically violent environments must also be taken into consideration." Rec. Doc. 89 at 2 (citing, *inter alia*, *United States v. Ledezma-Rodriguez*, 472 F. Supp. 3d 498, 505 (S.D. Iowa 2020) ("where the court granted compassionate release and noted that, maintaining a relatively clear record of conduct was 'no small feat' in a closely monitored federal prison environment")).

Mr. Lewis, however, avoids the stark dissimilarities between his infraction record and that of the *Ledezma-Rodriguez* defendant. At the time of his 2020 compassionate release, the *Ledezma-Rodriguez* defendant had "not incurred a single disciplinary infraction since 2014, no small feat in a closely monitored federal prison." *Ledezma-Rodriguez*, 472 F. Supp. 3d at 505. In contrast, Mr. Lewis's record is littered with recent disciplinary infractions, including threatening bodily harm on a prison employee, destroying the facility's blood pressure machine, fighting with another inmate, refusing to follow orders, and possessing a dangerous weapon. *See* Rec. Doc. 88-4 at 1–3. These incidents all occurred since 2017, and they—and numerous others—are documented in Mr. Lewis's Disciplinary History, attached to the government's opposition. *See id.* On January 6, 2023, the most recently recorded infraction occurred, in which Mr. Lewis told a prison staffer "I will smash your fucking head." *Id.* at 1.

The Court applauds efforts at rehabilitation. However, the nature of the instant offense, his criminal history, and various disciplinary infractions all evidence a failure on § 3553(a) grounds

9

to support Mr. Lewis's compassionate release. As Mr. Lewis rightly notes, "Whether my request for relief is granted or not, I am not far from my release date." Rec. Doc. 89 at 5. Rather than this denial being evidence of the government's desire "to just write [him] off as someone who was not able to be rehabilitated," the Court encourages his continued work at bettering himself during his remaining time of incarceration and thereafter upon his release. *See id.*

New Orleans, Louisiana this 15th day of February, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE